CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

| | |
|---|---|
| FELIX SOSA, FELIPE LAZARO, and RUBEN HEREDIA, on behalf of themselves and others similarly situated, | Case No. 17-CV-1401 |
| Plaintiffs, | **FLSA COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| CHIA FOOD CORP. d/b/a RANGOLI EXQUISITE INDIAN CUISINE, LAWRENCE MICHAEL, and JOHN DOES 1-10, | **Jury Trial Demanded** |
| Defendants. | |

--------------------------------------------------------------------X

Plaintiffs FELIX SOSA, FELIPE LAZARO, and RUBEN HEREDIA

(collectively, "Plaintiffs"), on behalf of themselves and other similarly situated

employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this

Complaint against defendants CHIA FOOD CORP. d/b/a RANGOLI EXQUISITE

INDIAN CUISINE ("RANGOLI"), LAWRENCE MICHAEL, and JOHN DOES 1-10

(collectively, "Defendants") and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from the

Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day they worked a shift that exceeded ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.      Plaintiff, FELIX SOSA, is a resident of Queens County, New York.

6.      Plaintiffs FELIPE LAZARO and RUBEN HEREDIA are each residents of New York County, New York.

7.      Defendant, RANGOLI, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1393A Second Avenue, New York, New York 10021.

2

8.    Defendant, LAWRENCE MICHAEL, is the President, owner, officer, director, supervisor, managing agent, and proprietor of RANGOLI, who actively participates in the day-to-day operation of RANGOLI and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with RANGOLI.

9.    Defendants, JOHN DOES 1-10, are individual officers, directors and/or managing agents of RANGOLI who may have personal liability for unpaid wages under the FLSA and New York Labor Law for having acted directly or indirectly in the interest of the employer and whose true names and identities are unknown at this time.

10.    Defendants LAWRENCE MICHAEL and JOHN DOES 1-10 exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11.    Defendant, LAWRENCE MICHAEL, is present on the premises of RANGOLI on a daily basis, and actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

12.    Upon information and belief, at all times relevant to the allegations in this Complaint, RANGOLI was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise

3

work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13.    Defendants continuously employed Plaintiff FELIX SOSA to work as a non-exempt food delivery worker, food preparer/kitchen helper, porter, and dishwasher for Defendants' restaurant known as Rangoli Exquisite Indian Cuisine, located at 1393A Second Avenue, New York, New York, from in or about July 2014 until on or about February 1, 2017.

14.    Defendants continuously employed Plaintiff FELIPE LAZARO to work as a non-exempt food delivery worker, food preparer/kitchen helper, stock person, and porter for Defendants' restaurant known as Rangoli Exquisite Indian Cuisine, located at 1393A Second Avenue, New York, New York, from in or about January 2015 until on or about January 9, 2017.

15.    Defendants continuously employed Plaintiff RUBEN HEREDIA to work as a non-exempt food delivery worker, food preparer/kitchen helper, porter, and maintenance worker for Defendants' restaurant known as Rangoli Exquisite Indian Cuisine, located at 1393A Second Avenue, New York, New York, from in or about June 2014 until in or about August 2016.

16.    The work performed by Plaintiffs was directly essential to the business operated by Defendants.

17.    Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21. Defendant, LAWRENCE MICHAEL, hires employees to work as managers and/or supervisors to participate in the day-to-day operation of RANGOLI.

22. Defendant, LAWRENCE MICHAEL, also actively participates in the day-to-day operation of RANGOLI. For instance, Mr. Michael personally supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

23. Although defendant, LAWRENCE MICHAEL, provides managers and supervisors with some authority to effectively run the day-to-day operations of RANGOLI, including the hiring and firing of employees, Mr. Michael creates, approves, and implements all crucial business policies, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are paid.

24. In or about July 2014, Defendants hired Plaintiff, FELIX SOSA, to work as a non-exempt food delivery worker, food preparer/kitchen helper, and porter.

5

25.     Neither at the time of Plaintiff's hire or anytime thereafter did Defendants provide Plaintiff with a wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

26.     Starting in or about 2016, Plaintiff also was assigned the additional duties as a dishwasher.

27.     Plaintiff worked for the Defendants in those capacities until on or about February 1, 2017.

28.     During the course of his employment, Plaintiff worked over forty (40) hours per week.

29.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work shift consisted of twelve (12) hours per day three (3) days per week from 11:00 a.m. until 11:00 p.m.; and six (6) hours per day three (3) days per week from 5:00 p.m. until 11:00 p.m.

30.     From the beginning of his employment and continuing through in or about December 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $18 per day ($108 per week) straight time for all hours worked (for a regular rate of $2.70 per hour), and worked fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Beginning in or about January 2016 and continuing through the remainder of his employment on or about February 1, 2017, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $35

6

per day ($210 per week) straight time for all hours worked (for a regular rate of $5.25 per hour), and worked fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32.     Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with weekly wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

33.     In or about January 2015, Defendants hired Plaintiff, FELIPE LAZARO, to work as a non-exempt food delivery worker, food preparer/kitchen helper, stock person, and porter.

34.     Neither at the time of Plaintiff's hire or anytime thereafter did Defendants provide Plaintiff with a wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

35.     Plaintiff worked for the Defendants in those capacities until on or about January 9, 2017.

36.     During the course of his employment, Plaintiff worked over forty (40) hours per week.

37.     From the start of his employment and continuing through in or about May 2015, Plaintiff worked six (6) days per week, and his work shift consisted of six (6) hours per day from 5:00 p.m. until 11:00 p.m.

38.     During this period, Plaintiff was not paid proper minimum wages. During this period, Plaintiff was paid at the rate of $18 per day ($108 per week) straight time for

all hours worked (for a regular rate of $3 per hour), and worked thirty-six (36) hours per week.

39.    Beginning in or about June 2015 and continuing through the end of June 2015, Plaintiff worked six (6) days per week, and his work shift consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

40.    During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $35 per day ($210 per week) straight time for all hours worked (for a regular rate of $5.25 per hour), and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41.    Beginning in or about July 2015 and continuing through in or about March 2016, Plaintiff worked six (6) days per week, and his work shift consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

42.    During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $40 per day ($240 per week) straight time for all hours worked (for a regular rate of $6 per hour), and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.    Beginning in or about April 2016 and continuing through on or about August 21, 2016, Plaintiff worked five (5) days per week, and his work shift consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

44.     During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $40 per day ($200 per week) straight time for all hours worked (for a regular rate of $5 per hour), and worked sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning on or about August 22, 2016 and continuing through the remainder of his employment on or about January 9, 2017, Plaintiff worked five (5) days per week, and his work shift consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

46.     During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $45 per day ($225 per week) straight time for all hours worked (for a regular rate of $5.63 per hour), and worked sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

47.     Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with weekly wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

48.     In or about June 2014, Defendants hired Plaintiff, RUBEN HEREDIA, to work as a non-exempt food delivery worker, food preparer/kitchen helper, stock person, and porter.

49.     Neither at the time of Plaintiff's hire or anytime thereafter did Defendants provide Plaintiff with a wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

50.     Plaintiff worked for the Defendants in those capacities until in or about August 2016.

51.     During the course of his employment, Plaintiff worked over forty (40) hours per week.

52.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work shift consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

53.     Plaintiff was not paid proper minimum wages or overtime compensation. Throughout the entirety of his employment, Plaintiff was paid at the rate of $40 per day ($240 per week) straight time for all hours worked (for a regular rate of $6 per hour), and worked seventy-two (72) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

54.     Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with weekly wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

55.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

10

56.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

57.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

58.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since February 24, 2014 (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

60.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are

11

presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

61.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

62.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

63.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

12

64.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.    Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.    Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.    Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;

e.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

65.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

66.     Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

67.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68.     At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

70.     Upon information and belief, at all times relevant to the allegations herein, RANGOLI has had gross revenues in excess of $500,000.

71.     Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

72.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

14

73.    Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

74.    Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

75.    Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

76.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

77.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

78.    As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and

15

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

79.     Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

80.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

81.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

82.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

83.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "82" of this Complaint as if fully set forth herein.

84.     Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

85.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

86.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

87.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

88.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay a "spread of hours" premium to Plaintiffs for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

89.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

90.     Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

91.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

92.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

17

93.     Neither at the time of their hiring, nor anytime thereafter when Plaintiff's rate of pay changed, did Defendants notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

94.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

95.     Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, FELIX SOSA, FELIPE LAZARO, and RUBEN HEREDIA, on behalf of themselves and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium, pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
        February 24, 2017

                    Respectfully submitted,

                    CILENTI & COOPER, PLLC
                    *Attorneys for Plaintiffs*
                    708 Third Avenue – 6th Floor
                    New York, NY 10017
                    T. (212) 209-3933
                    F. (212) 209-7102

                    By: _____
                        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Felix Sosa_____, am an employee currently or

formerly employed by __Kangoli_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__1-8_____, 2017

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Felipe Lazaro _____, am an employee currently or

formerly  employed  by \_\_Rangoli_____, and/or  related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
\_\_\_2/5_____, 2017

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Ruben Heredia Aguilar , am an employee currently or

formerly employed by Rangoli , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
2/8 , 2017