UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FELIX SOSA, FELIPE LAZARO and RUBEN　　　　Case No.: 17-cv-1401(JLC)
HEREDIA, on behalf of themselves and others
similarly situated,

                        Plaintiff,

    -against-

CHIA FOOD CORP. d/b/a RANGOLI EXQUISITE
INDIAN CUISINE, LAWRENCE MICHAEL, and
JOHN DOES 1-10,

                        Defendants.
------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

      CHIA FOOD CORP. d/b/a RANGOLI EXQUISITE INDIAN CUISINE, and LAWRENCE MICHAEL (collectively "Defendants") and FELIX SOSA, JOSE CARLOS TLATELPA, FELIPE LAZARO, AND RUBEN HEREDIA (collectively "Plaintiffs"), each a "party" and collectively "parties," desiring to settle all matters between them, hereby agree to this Settlement Agreement and Release (the "Agreement" or the "Settlement Agreement") as follows:

      **WHEREAS**, the instant United States District Court, Southern District of New York action, Case No. 17-cv-1401 (the "Litigation"), was originally filed on February 24, 2017 by Plaintiffs against Defendants seeking damages for Defendants' alleged failure to pay, *inter alia*, minimum wages and overtime compensation due under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

      **WHEREAS**, an answer was filed by Defendants on May 5, 2017;

      **WHEREAS**, Defendants do not concede liability or any other aspect of Plaintiffs' allegations, including but not limited to, Plaintiffs' duration of employment, FLSA and NYLL claims of failure to pay minimum wages, overtime compensation, and spread of hours premiums, and failure to provide wage notice and pay stubs requirements; and in fact, deny such allegations in its entirety;

      **WHEREAS**, the parties have determined it to be in their mutual interests to settle any and all claims or other matters between them and to dismiss the Litigation with prejudice;

      **NOW, THEREFORE,** for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1.     **Consideration**.

1.1    In consideration for Plaintiffs executing this Agreement and in full satisfaction of all wage and hour claims that Plaintiffs may have against Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Defendants agree to pay to Plaintiffs the total sum of **One Hundred Thousand Dollars ($100,000.00)**, or **Ninety Thousand Dollars ($90,000)** if that sum is received in full on or before November 15, 2020 ("the Settlement Sum"). This settlement sum is inclusive of all attorneys' fees and costs. The settlement of $100,000 shall be allocated as follows: $10,418.07 to Plaintiff Felix Sosa, $26,045.16 to Plaintiff Felipe Lazaro, $18,882.75 to Plaintiff Reuben Heredia, $9,766.94 to Plaintiff Jose Carlos Tlatelpa, and $32,551.58 to Cilenti & Cooper, PLLC as fees, and costs to Cilenti & Cooper, PLLC in the amount of $2,335.50. The settlement of $90,000 shall be allocated as follows: $9,351.35 to Plaintiff Felix Sosa, $23,378.36 to Plaintiff Felipe Lazaro, $16,949,32 to Plaintiff Reuben Heredia, $8,766.89 to Plaintiff Jose Carlos Tlatelpa, and $29,218.58 to Cilenti & Cooper, PLLC as fees, and costs to Cilenti & Cooper, PLLC in the amount of $2,335.50. Such payment shall be sent to Plaintiffs' counsel, Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, and the checks shall be payable as follows on or before the dates indicated below. However, it is understood that, if the Court has not approved this Settlement Agreement by the payment dates listed below, Plaintiffs' counsel shall hold the checks in escrow, and shall not distribute the checks and/or funds to Plaintiffs, until such Court approval is granted. If the Court does not approve this Settlement Agreement, Plaintiffs' counsel is to immediately return the Settlement Sum that Plaintiffs' counsel has already received as part of this Settlement Agreement.

(i)     On or before May 15, 2018 the sum of ten thousand dollars and no cents ($10,000.00), in one check payable to "Cilenti & Cooper, PLLC, as attorneys."

(ii)    On or before June 15, 2018, and on the 15th day of every month thereafter until November 15, 2021, Defendants shall make a minimum payment of two thousand one hundred fifty dollars and no cents ($2,150.00). Payments are to be made by single check payable to "Cilenti & Cooper, PLLC, as attorneys."

(iii)   If on or before November 15, 2020 the total sum of ninety thousand dollars ($90,000.00) has been paid by Defendants, then no further payments shall be due.

(iv)    If on or before November 15, 2020 the total sum of $90,000 has not yet been made then the settlement sum shall be $100,000. The unpaid balance due and owing as of November 15, 2020 shall be paid in equal monthly installments due on December 15, 2020 and continuing on the 15th of each month thereafter, with the final payment due on or before November 15, 2021. Payments are to be made by single check payable to "Cilenti & Cooper, PLLC, as attorneys".

CHIA FOOD CORP. shall issue a Form 1099 for the taxable years of 2018, 2019, 2020, and if needed 2021.

1.2     Should Defendants fail to make the payments to Plaintiffs as stated in Paragraph 1.1, Plaintiffs are to immediately provide notice of the default by email and facsimile to Defendants' counsel: Jian Hang, Esq. and/or William Brown, Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, jhang@hanglaw.com, wbrown@hanglaw.com, Facsimile: (718) 353-6288.  Defendants shall have ten (10) days after the notification is sent to remit payment to Plaintiffs. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $50,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

1.3     Upon the full execution of this Settlement Agreement, Plaintiffs or Defendants shall file with the Court the Stipulation and Order if Dismissal with Prejudice attached herewith as **Exhibit "A"**. The parties agree that the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.  The parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

2.      **No Consideration Absent Plaintiffs' Material Representations and Promises.** Plaintiffs understand and agree that Plaintiffs would not receive the Settlement Sum specified in Paragraph 1.1 above, except for the representations and promises made by Plaintiffs in this Agreement.

3.      **Mutual Release of Claims.**  In consideration of the promises, payments, and actions of Plaintiffs and Defendants set out in this Settlement Agreement and other good and valuable consideration, Plaintiffs and Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Settlement Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act.

Plaintiffs further waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasees identified in this Agreement is a party.

4.      **Indemnification and Tax Consequences.**  Defendants may issue tax form 1099 with Box 3 checked as may be required by law.  Plaintiffs shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in

connection with the Settlement Sum set forth in Paragraph 1.1 above. Plaintiffs further agree to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described in Paragraph 1.1 above. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

5. **Mutual Non-Disparagement.** Plaintiffs and Defendants agree not to make any false statements, which defame, disparage, or demean each other in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of each other, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Truthful statements will not be considered a violation of this provision. Should the breaching party breach this non-disparagement provision and the non-breaching party is required to institute legal proceedings to enforce any of the provisions of this Paragraph, the breaching party agrees to pay the non-breaching party's reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by the non-breaching party in a court of competent jurisdiction and the non-breaching party is the prevailing party.

6. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

9. **Counterparts and Facsimile Signatures.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

10. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Advice of Counsel.** Defendants have advised Plaintiffs to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiffs represent that they have determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, Plaintiffs have had an adequate opportunity to discuss and assess the merits of all their claims and potential claims. The parties further represent that their respective counsel and agents have translated this Agreement from English to their native language.

12. **Effective Date.** The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Further Assurances.** The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

**THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT HE HAS CONSULTED WITH HIS RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.**

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, CILENTI & COOPER, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFFS HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.**

_____  Dated: _____
Felix Sosa

_____  Dated: 2/27/18
Felipe Lazaro

_____  Dated: 2/27/18
Ruben Heredia

_____  Dated: 2/27/18
Jose Carlos Tlatelpa

_____  Dated: _____
Chia Food Corp.

11. **Advice of Counsel.** Defendants have advised Plaintiffs to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiffs represent that they have determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, Plaintiffs have had an adequate opportunity to discuss and assess the merits of all their claims and potential claims. The parties further represent that their respective counsel and agents have translated this Agreement from English to their native language.

12. **Effective Date.** The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Further Assurances.** The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT HE HAS CONSULTED WITH HIS RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, CILENTI & COOPER, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFFS HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.

_____    Dated: _____
Felix Sosa

_____    Dated: _____
Felipe Lazaro

_____    Dated: _____
Ruben Heredia

_____    Dated: 03/02/18
Jose Carlos Tlatelpa
[signature]
Chia Food Corp.

by LAWRENCE M. Mianek an Authorized Shareholder and/or Officer

_____  Dated: 03/02/2018
Lawrence Michael

# EXHIBIT A